Mr. Chief Justice Si-iahkey
delivered the opinion of the court.
The appellee applied by petition to the orphans’ court of Holmes county, to remove the appellant from his office of administrator of the goods and chattels of James S. Goodwin, deceased.
The matter excited much litigation in the orphans’ court, as we perceive from the record, which comes up by appeal.
Several objections are taken to the course of proceeding. First it is said that the petition was regular, it being in the name of the appellee as agent and attorney in fact for certain persons claiming as heirs. Strictly it is bad for this reason, and the parties having resorted to petition or bill, it is proper that they should have conformed to the rules of pleading. Proceeding by petition in the orphans’ court, would be wholly useless, if it did not produce greater certainty as to the ground and object of the controversy, than could be attained without it. The right to remove *906 administrators was undoubtedly conferred for the purpose of protecting estates, and is consequently an appropriate remedy for persons interested, and when they undertake to proceed as distri-butees they should do so regularly. There is no doubt but the judge of probate, without the intervention of any party, may remove an administrator for good cause, but the proceeding in such case would be different, and this does not necessarily dispense with the necessity of certainty in pleading when distribu-tees undertake to do it.
Even if this objection should be considered as waived by the answer, there are still others which must be considered fatal. To establish the heirship, a transcript from the records of a probate court in Maine was introduced, by which it appears that certain persons were the heirs of Simeon Goodwin, one of whom was James S. Goodwin. This was no proof, and should have been rejected. The powers of attorney may also be improperly certified. I have not the act of congress before me which prescribes the mode of authenticating records and instruments from other states, nor is it material, as the evidence of heirship is so wholly defective.
I should be inclined, however, to decide for the appellant, even on the merits of the case, if there were no technical objections to the evidence. The statute provides that if an administrator residing out of the state, or who has moved out, shall after notice fail to render his accounts and make settlement, or if an administrator shall become insane, or otherwise incapable or evidently unsuitable to discharge the trust, he shall be removed. The statute was evidently designed to enable the court to prevent mal-admi-nistrations, and the power to remove, on the ground that the administrator had become incapable or evidently unsuitable, contemplates the action of the court prospectively; not to correct past, but to prevent subsequent injuries. The remedy for past acts of mal-administrators is on the bond, but, inasmuch as the bond affords only an ultimate indemnity, where future injury tó the estate may reasonably be apprehended, the court may remove the administrator to prevent it.
The petition is to remove the administrator on the ground of *907 his having become evidently unsuitable, and yet no proof was introduced of any alienation of mind or change of habits. His alleged acts of mal-administration alone, are relied on as furnishing evidence to justify a removal. His principal misconduct consisted of a change of the terms of sale of the goods, by which bills of exchange were required instead of notes. In regard to this it must be observed, that at the time there was another administrator associated with him, who seems to have managed the matter for his own purposes, regardless of the objections of the appellant. They are both responsible for this on their bonds.
It is not shown either that any injury resulted to the estate by the change. Some other acts are spoken of, but nothing of consequence, and there is no bad intention shown; on the contrary, several of the witnesses speak of him as being honest, and as having shown a desire to act correctly. That he is not a skilful business man is fairly inferrible, and no doubt he is less competent than he should be; but he seems to possess the same capacity now that he did when he was appointed; the appointment was in all probability a very injudicious one.
It Avould have been better that his incompetency should have been tried by a jury, under the provision in the statute authoris-ing an issue to be made. A verdict in all such cases would be more satisfactory.
The judgment is reversed and cause remanded.